IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00042-MSK-MEH

HIGHLINE CAPITAL CORP.,

    Plaintiff,

v.

CMFEF PROPERTY HOLDINGS, LLC, d/b/a Lakeside Inn Hope Hull, and
CALVIN FOWLER,

    Defendants.

---

## RECOMMENDATION ON MOTION TO STRIKE ANSWER
## AND FOR ENTRY OF DEFAULT

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Plaintiff's Verified Motion to Strike Answer and for Entry of Default [filed March 18, 2009; doc #14]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C, the motion was referred to this Court for recommendation [docket #15]. For the reasons stated herein, the Court recommends that the motion be **granted**.[1]

The Plaintiff initiated this contract action against Defendants on January 9, 2009. Upon

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

order of the Court, the Plaintiff filed an Amended Complaint on January 20, 2009, alleging diversity among the parties. On March 2, 2009, the Plaintiff filed returns of service reflecting that the Summons and Amended Complaint were served on Calvin Fowler personally and on CMFEF Property Holdings LLC through its registered agent, Mr. Fowler. *See* dockets #10 and #11. Within the response period, Mr. Fowler filed a one-page "Answer" denying the Plaintiff's allegations on behalf of himself and CMFEF. Docket #12. The Answer is not signed.

Corporations may appear in federal court only through a licensed attorney. *Amoco Prod. Co. v. Aspen Group*, 25 F. Supp.2d 1162, 1166 (D. Colo. 1998) (citing *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 829 (1824)). The "Answer to Complaint" filed on behalf of CMFEF Property Holdings LLC was filed by its Registered Agent, Calvin Fowler. *See* docket #12. Because Mr. Fowler is not representing CMFEF as its attorney, this Court recommends that the Answer be stricken as to CMFEF. *See Amoco Prod. Co.*, 25 F. Supp.2d at 1166 (striking an answer filed by individual trustees on behalf of a trust).

As to Mr. Fowler himself, the Answer filed reflects no signature. Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Rule 11 also requires that the Court strike any unsigned pleading unless the omission is promptly corrected after being called to the party's attention.

According to the within verified motion, Plaintiff has attempted to contact Mr. Fowler regarding the omission, but has received no response. Therefore, this Court recommends that the Answer be stricken as to Calvin Fowler pursuant to Rule 11(a).

The Plaintiff requests entry of default against Mr. Fowler and CMFEF. The entry of default

2

is governed by Fed. R. Civ. P. 55(a), which requires that the Court enter default when a party against whom affirmative relief is sought fails to plead or otherwise defend. A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy,* 825 F.2d 1463, 1468 (10th Cir. 1987). Here, Mr. Fowler and CMFEF were properly served on February 24, 2009; therefore, their answers were due to be filed on or before March 16, 2009. The Defendants failed to respond to the Amended Complaint properly within that time frame; therefore, pursuant to the requirements of Rule 55(a), the Court recommends that default be entered against Calvin Fowler and CMFEF Property Holdings LLC.

Based on the foregoing, and the entire record provided to the Court, I do hereby RECOMMEND that the District Court **grant** Plaintiff's Verified Motion to Strike Answer and for Entry of Default [filed March 18, 2009; doc #14].

Dated at Denver, Colorado, this 23rd day of March, 2009.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge