IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00042-MSK-MEH

HIGHLINE CAPITAL CORP.,

    Plaintiff,

v.

CMFEF PROPERTY HOLDINGS, LLC, d/b/a Lakside Inn Hope Hull, and
CALVIN FOWLER,

    Defendants.

## ORDER FOR HEARING

**Michael E. Hegarty, United States Magistrate Judge**.

    Pending before the Court is Plaintiff's Motion for Entry of Default Judgment against CMFEF Property Holdings, LLC and Calvin Fowler Pursuant to Fed. R. Civ. P. 55(b) [filed September 3, 2009; docket #25]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C, the motion was referred to this Court for recommendation [docket #26]. For the reasons stated herein, the Court will require an evidentiary hearing on the motion.

    Highline Capital initiated this action on January 20, 2009 alleging a breach of contract against CMFEF and a breach of guaranty against Fowler. Upon Judge Krieger's order, Highline Capital filed an Amended Complaint demonstrating complete diversity for this Court's subject-matter jurisdiction. On March 2, 2009, Highline Capital filed returns of service reflecting proper service on Defendants on February 24, 2009; as such, answers or other responsive pleadings were due to be filed on or before March 16, 2009. On March 13, 2009, Mr. Fowler filed a document titled, "Answer to Complaint for CMFEF Property Holdings and Calvin Fowler." Docket #12.

Upon Plaintiff's Motion to Strike, this Court recommended that the Answer be stricken as unsigned by Mr. Fowler in violation of Fed. R. Civ. P. 11 and because Mr. Fowler may not represent CMFEF as a non-lawyer. *See* docket #17. On August 10, 2009, Judge Krieger adopted the recommendation and struck the Answer.

Thereafter, on August 12, 2009, the Clerk of Court entered default against both Defendants Fowler and CMFEF. On September 3, 2009, Highline Capital filed the within motion seeking judgment for the unpaid lease, attorney's fees and costs in the amount of $129,721.29.

Fed. R. Civ. P. 55 governs motions for default judgment. Rule 55(b)(2) provides that: "[t]he court may conduct hearings ... when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

Even after entry of default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos,* 2008 WL 576245, *2 (D. Colo. Feb. 28, 2008) (unpublished) (*citing Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir. 1994)). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983)). In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits. *Deery American Corp. v. Artco Equipment Sales, Inc.,* 2007 WL 437762, *3 (D. Colo. Feb. 6, 2007) (unpublished).

However, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith,* 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (quoting *Shah*

*v. New York State Dept' of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy,* 825 F.2d 1463, 1468 (10th Cir. 1987).

Here, the Court finds that a hearing on the motion is necessary to conduct an accounting of the alleged economic losses and to determine the reasonableness of the requested attorney's fees. *See KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 19-20 (1st Cir. 2003) (trial court abused its discretion in determining not to hold damages hearing where complaint did not reflect a "sum certain"); *see also International Union of Operating Eng'rs v. Stanley Excavation*, 243 F.R.D. 25, 27 (D. Me. 2007) (affidavit must include computation to confirm basis for alleged loss); *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 475 (D.D.C. 1984) (reasonable attorney's fees are not a sum certain within the meaning of Rule 55(b)(1)).

Therefore, the parties are directed to appear before the Court <u>in person</u> for a hearing regarding the above matter on Monday, **November 9, 2009, at 10:00 a.m.** in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. The Clerk of the Court is directed to mail a copy of the order to the Defendants at the addresses listed on the docket.

Dated at Denver, Colorado, this 6th day of October, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

3