IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00042-MSK-MEH

HIGHLINE CAPITAL CORP.,

    Plaintiff,

v.

CMFEF PROPERTY HOLDINGS, LLC, d/b/a Lakside Inn Hope Hull, and
CALVIN FOWLER,

    Defendants.

## RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT

**Michael E. Hegarty, United States Magistrate Judge**.

    Pending before the Court is Plaintiff's Motion for Entry of Default Judgment against CMFEF Property Holdings, LLC and Calvin Fowler Pursuant to Fed. R. Civ. P. 55(b) [filed November 13, 2009; docket #36]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C, the motion was referred to this Court for disposition [docket #37]. For the reasons stated herein, the Court recommends that the motion be **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## **FINDINGS OF FACT**

1. Plaintiff Highline Capital Corporation ("Highline Capital") leases and finances equipment of all types.

2. Defendant CMFEF Property Holdings LLC ("CMFEF") was, at all times relevant to the allegations of the Complaint, doing business as Lakeside Inn in Hope Hull, AL.

3. Defendant Calvin Fowler ("Fowler") was, at all times relevant to the allegations in the Complaint, the Managing Partner for CMFEF.

4. On July 3, 2007, and July 6, 2007, CMFEF and Highline Capital respectively executed a Master Lease Agreement, Equipment Deposit Addendum to Master Lease Agreement, Equipment Schedule No. 1 and Delivery, Inspection and Installation Certificate (collectively "Lease") pursuant to which Highline Capital delivered and leased certain equipment to CMFEF.

5. Under the Terms and Conditions provision of the Master Lease Agreement, the lessee, CMFEF, agreed that the lease would be governed by the laws of the State of Colorado. Docket #39-4 at 1.

6. Under the Terms and Conditions provision of the Master Lease Agreement, the lessee, CMFEF, consented to the jurisdiction of any court (federal or state) located within Colorado. *Id.*

7. By the terms of the Lease, CMFEF agreed that "[i]f any Lease Payment or other amount payable to us is not paid within 10 days of the due date, [CMFEF] will pay us a late charge not to exceed 15% of each late payment or such lesser rate as is the maximum rate allowable under applicable law." *Id.*

8. By the terms of the Lease, CMFEF agreed to "pay all of [Highline Capital's] costs

of enforcing [its] rights against [CMFEF], including reasonable attorney's fees and costs." *Id.* at 2.

9. On July 3, 2007, Calvin Fowler executed a Personal Guaranty for performance and payment of all obligations set forth in the Lease. In this document, Mr. Fowler consented to the personal jurisdiction of any court (federal or state) located within Colorado with respect to any action arising out of the Lease and/or the Personal Guaranty. *See* docket #39-5.

10. On September 12, 2007, CMFEF, through Fowler, certified that the equipment described in the lease had been delivered, inspected and installed. Docket #39-6. At the same time, Highline Capital and CMFEF executed an Amendment to the Lease to reflect a new monthly lease payment of $2,228.02 to be paid in 60 installments for a total cash price of $97,935.11. *Id.* The amendment was necessary to reflect the actual price of the equipment, as opposed to the anticipated price reflected in the original July 3, 2007 Equipment Schedule.

11. CMFEF made three scheduled payments on the Lease. However, CMFEF defaulted on the Lease by failing to pay Highline Capital any additional payments in accordance with the terms and conditions of the Lease, as amended.

12. Highline Capital made a demand on both CMFEF and Fowler for payment of all amounts due and owing under the Lease; however, neither CMFEF nor Fowler has paid Highline Capital and they currently remain in default under the terms and conditions of the Lease, as amended.

13. Highline Capital has attempted to retrieve the equipment leased to CMFEF and Fowler; however, the equipment was not found at the Lakeside Inn in Hope Hull, Alabama, and has not been located.

14. Highline Capital has been unable to contact Fowler since the filing of the within

motion; mail addressed to CMFEF and Fowler has been returned "undeliverable" and the telephone line has been disconnected.

15. Highline Capital has suffered the following economic damages: $120,151.00 for past and future payments due, $5,681.40 for late fees on past due payments, and $1,183.89 for miscellaneous costs, including those for bank fees, equipment inspection and collection, for a total of $127,016.29.

16. Highline Capital has satisfied all conditions precedent to enforcing the Lease, as amended, against CMFEF.

17. Highline Capital has satisfied all conditions precedent to enforcing the Personal Guaranty against Fowler.

## PROCEDURAL HISTORY

Highline Capital initiated this action on January 20, 2009, alleging a breach of contract against CMFEF and a breach of guaranty against Fowler. Upon Judge Krieger's order, Highline Capital filed an Amended Complaint demonstrating complete diversity for this Court's subject-matter jurisdiction. On March 2, 2009, Highline Capital filed returns of service reflecting proper service on Defendants on February 24, 2009; as such, answers or other responsive pleadings were due to be filed on or before March 16, 2009. On March 13, 2009, Mr. Fowler filed a document titled, "Answer to Complaint for CMFEF Property Holdings and Calvin Fowler." Docket #12. Upon Plaintiff's Motion to Strike, this Court recommended that the Answer be stricken as unsigned by Mr. Fowler in violation of Fed. R. Civ. P. 11 and because Mr. Fowler may not represent CMFEF as a non-lawyer. *See* docket #17. On August 10, 2009, Judge Krieger adopted the recommendation and struck the Answer.

Thereafter, on August 12, 2009, the Clerk of Court entered default against both Defendants Fowler and CMFEF. Docket #23. On September 3, 2009, Highline Capital filed the original Motion for Default Judgment seeking judgment for the unpaid lease and costs in the amount of $129,721.29. Docket #25.

The Court held an evidentiary hearing on November 10, 2009, at which the Plaintiff presented testimony regarding the Defendants' breach of the Lease, the Plaintiff's efforts to collect and retrieve the equipment, and the Plaintiff's economic damages. At the hearing, the Court noted the existence of Defendant Fowler's personal confidential information on a document attached to the within motion. The Court sealed the motion and ordered the Plaintiff to re-file the motion on the Court's ECF system by filing the motion separately from the exhibits and by redacting the personal confidential information from the document. *See* docket #35. The Plaintiff properly re-filed the motion and exhibits at docket #36.

## LEGAL STANDARD

Fed. R. Civ. P. 55 governs motions for default judgment. Rule 55(b)(2) provides that: "[t]he court may conduct hearings ... when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2) (2009).

After an entry of default, a defendant cannot defend a claim on the merits. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact") (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (finding that "[a] default judgment is unassailable on the merits.")); *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1414 (9th Cir. 1990) ("[A] default judgment generally precludes a trial

of the facts except as to damages.").

Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos,* 2008 WL 576245, *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir. 1994)) (unpublished). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits. *Deery American Corp. v. Artco Equipment Sales, Inc.,* 2007 WL 437762, *3 (D. Colo. Feb. 6, 2007) (unpublished).

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith,* 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (quoting *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy,* 825 F.2d 1463, 1468 (10th Cir. 1987); *see also Weft, Inc. v. G.C. Investment Assocs.,* 630 F. Supp. 1138, 1143 (E.D.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof").

## **LEGAL ANALYSIS**

Upon review of the record, the Court recommends finding that Highline Capital is entitled to default judgment pursuant to Fed. R. Civ. P. 55(b)(2). In determining whether entry of default judgment is warranted, the court must first consider personal and subject matter jurisdiction. *See,*

*e.g.*, *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202-03 (10th Cir. 1986) (lack of subject matter jurisdiction constitutes good cause to set aside a default judgment); *see also Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 772 (10th Cir. 1997) (district court erred in failing to determine personal jurisdiction issue before considering entry of default judgment).  Here, Judge Krieger has already determined that the Court has subject-matter jurisdiction in this case.  In addition, both Defendants have consented to the personal jurisdiction of this Court.

Furthermore, taking its allegations as true, Highline Capital has established a sum certain for its economic damages through testimony and an affidavit by its principal, Larry Lorenzen, Vice President of Finance, in the amount of $120,151.00 for past and future payments due, $5,681.40 for late fees on past due payments, and $1,183.89 for miscellaneous costs, including those for bank fees, equipment inspection and collection, for a total of $127,016.29.  *See* docket #39-2; *see also* Computation of Damages, docket #39-3.  The Court finds the testimony and documents provided by Plaintiff to be consistent with cases such as *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 929 (9th Cir. 2004) (plaintiff clerk with loan documents setting forth the specific formulas for determining the amount owed, as well as documents setting forth the various amounts necessary for calculating the total amount due).

Through the Master Lease Agreement, CMFEF agreed to the imposition of fees for late payments and to the reimbursement of costs, including reasonable attorney's fees, for enforcement of Highline Capital's rights.  Highline Capital has provided, through its counsel, an affidavit setting forth a description of the services rendered, the amount of time spent, the hourly rate, and the total amount of attorney's fees claimed for Plaintiff's preparation of this case and the within motion.  Docket #36-6.  The Court recommends finding that 10.8 hours at $200/per hour for a total of

$2,160.00 in attorney's fees in this matter is reasonable. In addition, the Court recommends awarding Plaintiff its costs of litigation, including filing and service of process fees, in the amount of $545.00. *Id.*

## CONCLUSION

Based on the foregoing, and the entire record provided to the Court, I do hereby RECOMMEND that the District Court **grant** Plaintiff's Motion for Entry of Default Judgment against CMFEF Property Holdings, LLC and Calvin Fowler Pursuant to Fed. R. Civ. P. 55(b) [filed November 13, 2009; docket #36].

Dated at Denver, Colorado, this 23rd day of November, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge